UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH NORMAN LEAR,

    Plaintiff,

v.

PAT GLEBE,

    Defendant.

CASE NO. C10-5720BHS

ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21) and Plaintiff Joseph Norman Lear's ("Lear") objections to the R&R (Dkt. 25). The Court having reviewed the R&R and Lear's objection thereto, hereby overrules Lear's objections and adopts the R&R as discussed herein.

## I. PROCEDURAL HISTORY

On March 29, 2011, Magistrate Judge Strombom recommended dismissing Lear's petition as time barred. Dkt. 21. On April 27, 2011 the Court granted Lear an extension of time in which to file his objections to the R&R. Dkt. 24. On May 20, 2011, Lear filed his objection. Dkt. 25.

## II. FACTUAL BACKGROUND

The Court adopts the facts as stated in the R&R. Dkt. 21 at 2-4. Magistrate Judge Strombom recommended dismissing Lear's petition for a writ of habeas corpus and denying Lear a certificate of appealability. R&R at 2, 15.

ORDER - 1

## III.  DISCUSSION

While a pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties (*see Haines v. Kerner*, 404 U.S. 519, 520 (1972)), pro se litigants are expected to follow the same rules of procedure that govern other litigants. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). To object to a magistrate judge's R&R, a party must file specific written objections to the proposed findings and recommendations. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(c) (requiring district courts to conduct de novo review only of "those portions of the [magistrate's] report . . . to which objection is made"). In addition, except as otherwise provided by court order or rule, objections to a magistrate judge's order or recommended disposition, or any response thereto, shall not exceed twelve pages. Local Rule 72.

Here, Lear filed 55[1] pages in response to the R&R, but none of them contain a specific objection to the findings contained in the report. Dkt. 25. Nothing Lear presented even attempts to counter Judge Strombom's finding that there are no grounds for tolling the statute of limitations and that Lear's habeas petition is time barred. Dkt. 21 at 15. Instead, Lear attempts to repackage and reargue his habeas petition. *Id.* Failure to follow the rules is sufficient grounds on which to overrule Lear's supposed objection.

Moreover, even if the Court were to overlook Lear's failure to comply with the Court's rules and construe this document as an objection, the objection is ineffective. A general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). The court in *Howard* explained further, that when no specific objection is made,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The

---

[1] The full length of the document filed with the Court is 84 pages but addendums B, C and D were included twice.

ORDER - 2

functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id*. (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)). Where no objections to the magistrate judge's R&R have been filed, the district court may give the review it deems appropriate. *Webb v. Califano*, 468 F. Supp. 825 (E.D. Cal. 1979); *see also, Thomas v. Arn*, 474 U.S. 140, 151 (1985)*; Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (noting that when no objections are filed, the district court need not review de novo the R&R). Here, after reviewing the document filed by Lear, the Court finds no specific objections before it. Thus, because Lear has not effectively objected to the R&R, the Court concludes that no timely objection exists and the Magistrate judge properly concluded that Lear's petition is time barred.

## IV.  ORDER

The Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)　Lear's objections are **OVERRULED** (Dkt. 25);

(2)　The R&R is **ADOPTED**;

(3)　Lear's habeas corpus petition is **DISMISSED with prejudice**; and

(4)　A certificate of appealability is **DENIED**.

DATED this 20th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3